IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAHABA BAHARI LULA,<br><br>Defendant. | No. 4:23-cr-00153-SHL-HCA-5<br><br>**ORDER ON APPEAL FROM DETENTION RULING** |

On November 16, 2023, a grand jury for the Southern District of Iowa returned an Indictment charging Defendant Dahaba Bahari Lula with one count of racketeering conspiracy (Count 1), one count of distribution of a controlled substance (Count 2), and five counts of distribution of a controlled substance (Counts 32, 41, 43, 48, and 49). (ECF 2.) Lula was arrested on November 20, 2023. She had a detention hearing before Magistrate Judge William P. Kelly on December 13, 2023. (ECF 100.) Judge Kelly ordered Lula detained pending trial. (ECF 102.)

On March 10, 2024, Lula filed a renewed motion for release pending trial. (ECF 122.) She argued two new circumstances: (i) the fact that she was due to give birth in late March or early April 2024; and (ii) a newly proposed *temporary* release plan to reside with her child's grandmother, Lisa Johnson, who would also serve as a third-party custodian, until after giving birth, at which time she would return to custody. (Id.) Judge Kelly held a second detention hearing but again concluded Lula should be detained pending trial. (ECF 127.) Lula appeals. (ECF 128.) The Government resists. (ECF 133.)

The undersigned reviews a magistrate judge's findings of fact for clear error but the ultimate issue of detention or release *de novo*. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). When, as here, the presumption of detention applies, a defendant bears a "limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* (quoting *Mercedes*, 254 F.3d at 436). Pursuant to 18 U.S.C. § 3142(g), other factors the Court must

1

consider include, *inter alia*: the nature and circumstances of the offense; the weight of the evidence; the defendant's history and characteristics; and the danger to the community if the defendant is released.

As the Government notes in its Resistance (ECF 133), the appeal has now become moot because Lula has already given birth to her child. Accordingly, Lula's temporary release plan is no longer relevant. For this reason alone, her appeal is denied.

The result would be the same on the merits. The Indictment charges Lula with offenses that allegedly facilitated gang activity, including the distribution of large quantities of a particularly dangerous drug, fentanyl, for more than one year. (ECF 129, pp. 19-20.) Lula also made trips out of state to obtain more fentanyl pills. (Id.) When officers executed a search warrant of the home Lula shared with Armani Gates, the father of her child, officers located a loaded gun with an extended magazine, fentanyl pills, and cash. (Id.) Further, according to the Pretrial Services Report, Lula, who was five months pregnant at the time, admitted to smoking marijuana every other day leading up to her arrest. (ECF 20.)

The Court recognizes that there are mitigating circumstances. Lula is only eighteen years old, earned her high school diploma, and became a naturalized citizen of the United States after moving here from Ethiopia in 2009. (ECF 20.) She has virtually no criminal history and, prior to her arrest, obtained fulltime employment. (Id.) However, these mitigating circumstances are more than offset by the facts and circumstances surrounding the alleged offenses, which allegedly facilitated serious, gang-related criminal conduct. The Court agrees with Judge Kelly that the Government satisfied its burden of proving by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community if Lula is released. The Court therefore DENIES Lula's appeal from Judge Kelly's order of detention (ECF 128). Lula shall remain in custody pending trial.

**IT IS SO ORDERED.**

Dated: May 20, 2024

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE